# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50813
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 11, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOEL GONZALEZ-RUIZ,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1700-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Joel Gonzalez-Ruiz appeals the sentence imposed following his guilty-plea conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. He contends: although the sentence of 41-months' imprisonment was at the low end of the correctly-calculated, Sentencing Guidelines range of 41-51 months, it was greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). Along that line, Gonzalez maintains: because Guideline

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

§ 2L1.2 (for illegal reentry) effectively double-counts a defendant's criminal record, the advisory Guidelines-sentencing range overstated the seriousness of his non-violent offense, which he claims is only an international trespass.  He also contends the district court failed to account for his personal history and circumstances, including his motive for returning to the United States (working to pay for son's surgery in Mexico) and his reduced risk of recidivism.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Gonzalez does not claim procedural error, but contends only that the sentence imposed was substantively unreasonable.

"A discretionary sentence imposed within a properly calculated [G]uidelines [sentencing] range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).  Additionally, our court will infer that, in selecting the sentence to be imposed, the district court considered all of the relevant sentencing factors set forth in § 3553(a).  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  Accordingly, Gonzalez must show that his "sentence does not account for factors that should receive significant weight, gives significant weight to irrelevant or improper factors, or represents a clear error of judgment in balancing sentencing factors". *United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012).

Our court has rejected the oft-repeated claims that double-counting necessarily renders a sentence unreasonable and that the Guidelines overstate the seriousness of illegal reentry. *United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir. 2009). Gonzalez also contends the within-Guidelines sentence should not be afforded the presumption of reasonableness because Guideline § 2L1.2 lacks an empirical basis. He concedes our precedent forecloses this contention, *see United States v. Mondragon-Santiago*, 564 F.3d 357, 366–67 (5th Cir. 2009), and raises it only for possible further review.

"The sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case." *Gall*, 552 U.S. at 51 (citation and internal quotation marks omitted). Here, the district court specifically noted it considered the age of Gonzalez' prior conviction in the United States of aggravated discharge of a firearm, the medical condition of Gonzalez' son, and the lack of prior illegal reentry convictions; however, it "counterbalanced" those facts with the nature of Gonzalez' prior offense as it related to the need for stating deterrence and protection of the public. Notwithstanding the Government's stating at sentencing that a sentence below the Guidelines-sentencing range "might be appropriate", the selection of Gonzalez' sentence was solely within the providence of the district court. *Cf. id.* at 51–52 (explaining role of sentencing judge). Gonzalez, therefore, has failed to rebut the above-referenced presumption of reasonableness applied to this 41-month, within-Guidelines sentence.

AFFIRMED.